**SOCONY MOBIL OIL CO., Inc., et al.,
Appellants,**

v.

**C. M. FROST et al., Appellees.**

No. 5750.

Court of Civil Appeals of Texas.

El Paso.

July 20, 1966.

Rehearing Denied Oct. 5, 1966.

W. B. Browder, Jr., Stubbeman, McRae, Sealy & Laughlin, Frank C. Ashby, Midland, Lawrence & Lawrence, Tyler, Hardie, Grambling, Sims & Galatzan, El Paso, for appellants.

Irby L. Dyer, Turpin, Smith, Dyer & Hardie, Jack T. Akin, Midland, Maurice R. Bullock, Bullock, Kerr & Scott, Fort Stockton, for appellees.

## OPINION

PRESLAR, Justice.

This is an appeal from a judgment of the 83rd District Court of Pecos County, Texas which decreed that a rectangular tract of land adjoining and lying east of Sections 49 and 50, Block OW, Pecos County, Texas, and containing 304.51 acres, was vacant, unsurveyed public land belonging to the State of Texas. Trial was to the court without a jury, and the parties are in agreement that there are no material and controlling facts which are in dispute; that the determination of the appeal is based solely on the application of law to such undisputed facts. As stated in appellees' brief, the question is: "The only question in this appeal is whether the calls in the corrected field notes of Secs. 49 and 50, calling for them to adjoin the West line of Block 143,

and leaving no vacancy, control over their conflicting calls for distance, which leave the vacancy decreed by the judgment." We are of the opinion that the controlling facts bring this case within the rule that a call in a junior survey for an adjoining existing survey controls over a call for course and distance, and that the trial court erred in failing to apply such law to the facts.

To resolve the conflict in the calls by the surveyor, we need first to look at the rules of law respecting the character and weight of the evidence which we must consider. To ascertain the intention of the surveyor, certain calls are considered to be more reliable, material, important and certain and, therefore of higher dignity. Under such rules of evidence, calls are ordinarily given priority in this order: (1) all calls for natural objects, such as rivers, creeks, mountains, trees; (2) calls for artificial objects made by man, such as monuments, stakes, marked lines and corners; (3) calls for course and distance; and (4) calls for quantity or acreage. Our conflict here is between calls for adjoinder and one for distance, as to which the general rule is as stated by the Supreme Court in Stanolind Oil & Gas Co. v. State, 129 Tex. 547, 101 S.W.2d 801, as follows: "The general rule is that a call for adjoinder is given controlling effect over a call for course and distance." That rule is so well established in this state that the lists of cases following it occupies one full page where cited in 9 Tex. Jur.2d 514–515. The survey line called for must be "ascertainable", and when it is ascertainable the adjoinder call has the same rank as a call for natural or artificial objects—that is, the highest rank. Kirby Lumber Co. v. Gibbs Bros. & Co., Tex.Com. App., 14 S.W.2d 1013. It is not disputed in the record before us that the senior survey line called for in this case was ascertainable, but appellees take the position that the surveyor was mistaken as to its location. In the construction of Sections 49 and 50 the surveyor, O. W. Williams, called for the East lines of those sections to be on the West line of Block 143, the senior survey of

L. W. Durrell. The distance called for to reach such senior survey was insufficient. Later, he filed corrected field notes in which the distance call was shortened even more, and the error was increased. His distance call of 2116 varas was then short of Block 143 by some 510 varas, and if the distance call is used, the East line of Sections 49 and 50 is fixed some 510 varas west of the West line of Block 143, and the vacancy exists. This compounded error is principally the evidence which could be relied on to establish that the surveyor was mistaken as to the location of Block 143. We think the record explains the mistake of distance sufficiently so that the adjoinder call is not shown to be a suppositious, conjectural, or mistaken call. When we consider the intention of the surveyor, there can be no doubt but that his intention was to adjoin the senior survey. The application to survey in the first instance was filed by him as agent for the party desiring the survey, and it called for adjoinder, and in the construction of the tier of sections of which these two are a part, his original field notes contained some 20 adjoinder calls and his corrected field notes 12. The two sections involved had three adjoinder calls in the original field notes and six such calls in the corrected field notes and were platted in the adjoinder position in his reports to the General Land Office. As indicated, the facts as to what he did in making the survey do not lead to the conclusion that he was mistaken as to the location of the adjoining survey. His calls for course were correct. In other words, he knew where he was going but was mistaken as to how far it was. The tier of sections are patented in the position called for by the surveyor so far as course is concerned, and some are patented in the adjoinder position, including Section 16, which has as its common line the South line of Section 49. The same is true of Section 56, which has as its common line the North line of Section 50. In fact, the field notes on which Section 56 are patented call for its Southeast corner to be the same as the Northeast corner of Section 50. This point would be on the West line of Block 143, as

called for by the surveyor Williams. We think the facts of this case distinguish it from the cases relied on by appellees, for, when all is said and done, the only mistake here was as to distance, and the distance call is held by the authorities to be the most unreliable of all. Krider v. Wintermann, Tex.Civ.App., 108 S.W.2d 452. As indicated, we do not believe that the facts of this case bring it within what is termed an exception to the adjoinder rule. Its facts distinguish it from the cases principally relied on by appellees. The exception is stated in Blake v. Pure Oil Company, Tex. Com.App., 128 Tex. 536, 100 S.W.2d 1009, at page 1012:

"A call for adjoinder is ordinarily given controlling effect over a call for course and distance, but when it is proven that the call for the adjoinder was made by conjecture or under a mistaken belief as to the location of the adjoinder, such call does not control over course and distance. In such situation the call for adjoinder will be rejected as *inserted by mistake* and controlling effect given to course and distance from known or undisputed corners, *when* under the facts of the particular case *such construction of the survey is 'most consistent with the intention to be derived from the entire description.'*"

Looking at the record before us it would be difficult to treat the calls for adjoinder as "inserted by mistake", for the application to survey called for adjoinder, the original field notes made some 20 calls for adjoinder, and the corrected field notes called some 12 times for adjoinder. Also important is the proviso (above italicized) that the call should be rejected when to do so would result in a construction most consistent with the intention to be derived from the entire description. In the Blake case the court said that the mistaken call should be rejected because such construction was most consistent with the intention to be derived from the entire description, and it harmonized the other terms of the field notes. It was then pointed out how that was true:

"This construction is the same in effect as a construction of block 7 by course and distance from its southeast corner on the undisputed west line of the Walling survey, the location of which southeast corner is proven by evidence hereinafter discussed. When block 7 is thus constructed, the lengths and courses of its lines are the same as those given in the field notes and shown on Starr's map, it has the acreage called for in the deed and marked on the map, and it does not conflict with block 5, block 6 or block 8, or with the Juan Prado survey. On the other hand, if block 7 is constructed from or extended to the southeast corner of the Moore survey as located by Wathen, all of the lines of the block are given grossly excessive lengths and its *acreage increased* to approximately *three times* that called for in the deed and shown on the map, and block 7 as thus constructed *conflicts* substantially with the Juan Prado survey and *conflicts* with block 8 to such extent that block 8 contains only 14 instead of 38 acres." (Emphasis ours.)

■ Thus, there was much more to Blake than in the case before us, and the same is true of State v. Sullivan, 127 Tex. 525, 92 S.W.2d 228, where the court, in order to harmonize the other terms of the field notes and to disregard as few of the calls as possible, rejected the adjoinder call as inserted by mistake. Honoring the adjoinder call would have necessitated incorporating 550 varas in excess in the surveyor's first call, reversing his second call, placing a shortage of 575 varas in his third call, increasing his fourth line by 213 varas, and ignoring his passing call for a natural object, Crystal Creek. And the court concluded that to do all of that would do violence to the configuration of the survey. In our case, giving effect to the calls for adjoinder does no such violence to the remaining field note description. It simply changes the distance, with accompanying increase in acreage, and leaves the remaining terms of the field notes in harmony and unchang-

ed. And as noted by the court in the Sullivan case, an inconsiderable excess in distance, standing alone, is not of itself evidence that the surveyor was mistaken in the location of the adjoinder for which he called. Whatever the record may reflect as to "mistakes" of the surveyor Williams at other points, the fact remains that as to Sections 49 and 50, his mistake was in his call for distance.

Being of the opinion that the calls for adjoinder should in this case prevail over the calls for distance, the judgment of the District Court is reversed and judgment here rendered that the land described in paragraph 8 of such judgment is not vacant, unsurveyed, public land belonging to the State of Texas.